IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 4 2008

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICHARD J. HERMANN,

    Defendant.

Crim. No. 08-370 BB

### FINDINGS OF FACT ON MOTION
### TO RECONSIDER DETENTION

**THIS MATTER** comes before the Court on Defendant's Motion to Reconsider Detention [docket no. 59]. The motion was heard by the Court on Tuesday, October 14, 2008. On January 11, 2008, the Defendant was ordered to be detained by Chief United States Magistrate Judge Lorenzo F. Garcia. Judge Garcia entered his findings of fact on the Plaintiff's Motion for Detention [docket no. 16] and the Defendant appealed Judge Garcia's detention order to the assigned Article III Judge. The appeal was heard by the Honorable Bruce D. Black on January 18, 2008, who ordered that the Defendant remain in custody pending an evaluation [docket no. 25]. On March 20, 2008, Judge Black affirmed the Defendant's detention by Judge Garcia [docket no. 35] and the following day, March 21, 2008, the Defendant was arraigned before the Honorable Richard L. Puglisi who again remanded the Defendant into the custody of the U.S. Marshal Service [docket no. 36]. On September 8, 2008, the Defendant pled guilty to

indictment and did not raise the issue of detention. The Defendant now asks the Court to release him pending sentencing based on new information and circumstances.

Section 3143(a) governs the release or detention of defendants who have been found guilty and are awaiting imposition of a sentence of imprisonment. All convicted defendants must be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released.

The Court having now considered the motion together with all of the pleadings on file in the above-captioned cause as well as the arguments and authorities propounded by the respective parties and the Defendant's proffer, hereby determines that there is clear and convincing evidence as follows:

1. Defendant asserts that he has accepted responsibility for his actions and is remorseful, however, he attributes the use of a medically prescribed anti-depressant, Cymbalta, together with the combination of alcohol as attributing to the "incident" to which he pled guilty.

2. Defendant trivializes the nature, circumstances and deadly threats to Judge Nash by referencing his criminal activity as a "incident."

3. Defendant now claims to be suffering from medical conditions in both his knees and shoulder which have "been giving him trouble." Defendant is taking pain medication, however, the Court does not conclude that the condition for which he is being treated is life threatening or calls for his release from custody so that he could seek medical services. Defendant has previously advised Pretrial Services that he underwent surgery in Germany in August, 2007, to treat a back injury and that further, he suffers from knee problems. These medical conditions are

not new and have been previously considered by Pretrial Services and judicial officers in rendering a decision relative to release or detention.

4. Although the government has custody of Defendant's passport, the Defendant continues to remain a flight risk given the nature and severity of the criminal activities to which he has pled guilty.

5. Defendant's mother has continuously expressed her willingness to assist with any imposed conditions of release, however, she originally advised Pretrial Services that that would be only upon the stipulation that Defendant receive in-patient mental health treatment. The instant motion does not advise the Court as to whether Defendant's mother continues to assert that stipulation for her to be considered as a release custodian.

6. There is no evidence before the Court other than the statements of Defendant and arguments of counsel to indicate that Defendant is no longer a substantial and serious risk to members of the judiciary within the State of New Mexico or elsewhere.

7. In fact, all of the risk factors contained in the Pretrial Services Report continue to exist and the Court cannot find both non-likelihood of flight and non-dangerousness by clear and convincing evidence.

The Court hereby concludes that the Defendant poses an unreasonable risk of harm and flight. The Court determines that the Defendant shall remain in custody pending further proceedings as there are no conditions under which he can be released pending sentencing.

*Robert H. Scott* 10-14-08
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE